1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED  STATES  DISTRICT  COURT

## FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| RAFAEL RISHIK; KEITH GREEN; STEPHEN J. ERBODY, | CASE NO. CV 09-0359 AG (SSx) |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA AFL-CIO, | |
| Defendant. | |

This putative class action challenges a national labor union's amendment of its bylaws to increase dues levied on certain members.  Defendant American Federation of Musicians of the United States and Canada AFL-CIO ("AFM") has brought a Motion to Dismiss ("Motion").  Because the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, AFM's Motion is GRANTED with leave to amend.

## BACKGROUND

The following facts are taken from Plaintiffs' Complaint, and for the purposes of this Motion, the Court assumes them to be true.

AFM is an international union and labor organization for musicians, consisting of local

1  unions chartered in accordance with its bylaws.  (Compl. ¶ 5.)  Plaintiffs Rafael Rishik

2  ("Rishik"), Keith Green ("Green"), and Stephen J. Erbody ("Erbody") (collectively, "Plaintiffs")

3  are freelance musicians and members in good standing of AFM and Professional Musicians

4  Local 47, American Federation of Musicians.  (Compl. ¶ 4.)

5      Plaintiffs' dues obligations to AFM are determined by the AFM bylaws.  Article 9,

6  Section 32 of those bylaws provides that all AFM members, as a condition of membership, must

7  pay Work Dues based on scale earnings for all musical services performed under AFM-

8  negotiated agreements, AFM touring pamphlets, and employment with any symphonic orchestra.

9  (Compl. ¶ 16.)  "Scale wages" or "scale earnings" refer to basic minimum wages paid to AFM

10  musicians by recording companies.  (Compl. ¶ 22.)  Article 18, Section 9 of the bylaws provides

11  that any amendment to the bylaws must be approved by a majority vote of the delegates to the

12  national AFM convention.  (Compl. ¶ 18.)  Once such a vote is received, Article 18, Section 9

13  provides that any change goes into effect on the fifteenth day of September following the

14  convention.  (Compl. ¶ 18.)  The bylaws "make no provision for and do not authorize

15  amendments having retroactive effect."  (Compl. ¶ 19.)

16      Plaintiffs performed work under the Sound Recording Labor Agreement (the

17  "Agreement"), a collective bargaining agreement between AFM and recording companies

18  employing AFM members.  (Compl. ¶ 20.)  That agreement provides for a Sound Recording

19  Special Payments Fund (the "Fund").  Each year, signatory companies pay into the Fund a

20  percentage of their sales revenues for distribution to musicians covered by the Agreement.

21  (Compl. ¶ 21.)  The Fund then determines the share of the overall revenue to which each AFM

22  musician is entitled, "which is a weighted percentage taking into account the amount of scale

23  wages earned by each AFM musician for the last five (5) years as related to the scale wages

24  earned by all AFM musicians."  (Compl. ¶ 21.)  The Agreement specifically provided that

25  distributions to musicians from the Fund were "in addition to" scale earnings on which Plaintiffs

26  were assessed and paid Work Dues.  (Compl. ¶ 23.)

27      At the 2007 AFM Convention, delegates to the Convention adopted new subsection (f) to

28  Article 9, Section 32 to the bylaws.  Section 32(f), which became effective on September 15,

2

2007, provides:

> Federation Work Dues on payments to musicians from supplemental
> market funds that are established by AFM-negotiated collective
> bargaining agreements covering electronic media work (e.g.,
> distributions from the Sound Recordings Special Payment Fund, the
> Film Musicians Secondary Markets Fund and the Canadian
> equivalents) shall be 2% of the gross distribution to which the
> musician is entitled.  This Section 32(f) does not apply to annual
> distributions from any such fund of less than $2,500.

(Compl. ¶ 28.)  The AFM members, including Plaintiffs, subject to the Section 32(f) assessment "constitute a small minority fraction of the total membership of Defendant AFM."  (Compl. ¶ 32.)  All of those members, including Plaintiffs, are members of the Recording Musicians Association ("RMA"), an "officially recognized membership conference" that is entitled to participate in union affairs on behalf of its members.  (Compl. ¶ 33.)  A history of conflict exists between the RMA and AFM, particularly concerning the assessment that eventually became Section 32(f).  (Compl. ¶ 35.)  The Section 32(f) assessment "represents a substantial new financial exaction upon a small minority group within the membership," and AFM conceived and adopted it "with knowledge that the RMA membership lacked the voting power to defeat it." (Compl. ¶¶ 36, 37.)

   In October 2008, Plaintiffs Rishik, Green, and Erdody, all members of the RMA, received a notification and billing statement from AFM, stating that each was required to pay Section 32(f) "Work Dues" to AFM based upon his distribution from the Fund for 2008, with payment due by November 15, 2008.  (Compl. ¶ 44.)  On November 10, 2008, AFM informed Plaintiffs in writing that a failure to pay the "Work Dues" under Section 32(f) would result in "a fine of up to $100, suspension, and/or expulsion from the AFM."  (Compl. ¶ 48.)

   Based on these facts and others, Plaintiffs bring four claims against AFM, numbered as

3

1  follows: (1) breach of Federation bylaws; (2) violation of the Union Members' Bill of Rights,

2  Labor-Management Reporting and Disclosure Act ("LMRDA") of 1959, 29 U.S.C. §

3  411(a)(3)(B); (3) breach of the duty of fair representation; and (4) estoppel. AFM now moves to

4  dismiss all four claims.

5

6  **LEGAL STANDARD**

7

8       A court should dismiss a complaint when its allegations fail to state a claim upon which

9  relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain

10  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

11  "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

12  (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court

13  must accept as true all factual allegations in the complaint and must draw all reasonable

14  inferences from those allegations, construing the complaint in the light most favorable to the

15  plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

16       But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim

17  that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A

18  claim has facial plausibility when the pleaded factual content allows the court to draw the

19  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

20  1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a

21  cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940,

22  or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

23  inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal

24  without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the

25  complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th

26  Cir. 2003).

27

28

4

<u>ANALYSIS</u>

AFM argues that all four of Plaintiffs' claims fail under Rule 12(b)(6).  The Court examines each of Plaintiffs' claims in turn.

**1.    PLAINTIFFS' FIRST CLAIM FOR BREACH OF FEDERATION BYLAWS**

Plaintiffs' first claim alleges that AFM breached its bylaws by enforcing Section 32(f).  Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, authorizes federal courts to resolve suits for violations of contracts with labor organizations.  *Plumbers & Pipe Fitters v. Plumbers & Pipe Fitters Local 334*, 452 U.S. 615, 619-27 (1981).  Union members are considered third-party beneficiaries of national union constitutions and bylaws, and they may seek redress under Section 301 for violations of those constitutions or bylaws.  *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 100 (1991); *Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1467-77 (9th Cir. 1992).  Here, Plaintiffs assert that AFM violated its bylaws by enforcing Section 32(f), which is void and unenforceable because: (1) the Section 32(f) assessment does not assess scale earnings and therefore does not constitute Work Dues; and (2) the assessment is a retroactive assessment against distributions "computed on work performed at a time in the past when the new Section 32(f) did not exist."  (Compl. ¶ 64.)  The Court addresses each of Plaintiffs' arguments in turn.

**1.1    "Work Dues"**

Plaintiffs first assert that the Section 32(f) assessment is unlawful because it does not claim "Work Dues" as defined by the AFM bylaws.  Again, Section 32(f) claims "Federation Work Dues on payments to musicians from supplemental market funds."  (Compl. ¶ 29.) The AFM bylaws define "Work Dues" as dues based on "scale earnings," or basic minimum wages paid to musicians.   Because Fund distributions are not based on "scale earnings," Plaintiffs

argue, the Section 32(f) assessment is invalid.  But as the Complaint alleges, the dues claimed by Section 32(f) are, in fact, based on "scale earnings."  Fund distributions are based on a musician's "scale earnings" for each of the last five years.  (Compl. ¶ 21.)  The dues payable under Section 32(f) are levied on those distributions.  It is simply inaccurate for Plaintiffs to assert that the 32(f) assessment is not based on "scale earnings."  Plaintiffs' first argument fails.

### 1.2    Retroactive assessment

Plaintiffs next assert that the Section 32(f) assessment is unlawful because it is a retroactive assessment against distributions paid for work done before the assessment took effect.  But as AFM points out, Plaintiffs do not allege that the Section 32(f) assessment is levied on distributions made before September 15, 2007, the date when Section 32(f) became effective.  The fact that distributions made after that date were based on work performed before that date does not make the assessment retroactive.  *See Polone v. Commissioner*, 505 F.3d 966, 972 (9th Cir. 2007) (internal citation omitted) (rejecting a plaintiff's claim that a new tax imposed on settlement distributions from completed litigation was unconstitutionally retroactive, explaining that the new tax "did not attach new legal consequences to completed payments" and "applied only prospectively, to payments made after [its] date of enactment").  Further, Plaintiffs do not allege that any provision of the bylaws explicitly prohibits amendments with retroactive effect.  Plaintiffs' second argument fails.

### 1.3    Conclusion

The facts alleged by Plaintiffs, if true, do not constitute a violation of the AFM bylaws.  Plaintiffs' claim fails, and the Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' first claim for relief.

## 2.    PLAINTIFFS' SECOND CLAIM FOR LMDRA VIOLATIONS

Plaintiffs' second claim alleges that AFM violated Section 101(a)(3) of the LMRDA by enforcing Section 32(f).  That section, Plaintiffs allege, was not ratified or authorized as required by Section 101(a)(3)(B) of the LMRDA, and by enforcing it, AFM violated Plaintiffs' right under the LMRDA not to be subjected to an unratified dues increase or assessment.  (Compl. ¶ 68.)  Plaintiffs further allege that enforcement of Section 32(f) violated their equal voting rights under Section 101(a)(1) of the LMRDA, and that Section 32(f) is an "exploitative and discriminatory assessment upon a small minority membership group," in violation of Plaintiffs' voting rights under Section 101(a)(3) of the LMRDA.  (Compl. ¶¶ 69, 70.)

The LMRDA guarantees to every member of a labor organization equal rights and privileges to vote, attend meetings, and participate in meetings.  Section 101(a)(3) requires "participation by all members, either directly or through their elected representatives, on certain union matters thought to be of special importance." *AFM v. Wittstein*, 379 U.S. 171, 181 (1964). The section sets forth procedural requirements unions must fulfill before raising membership dues, fees, or assessments. *See* William W. Osborne, Jr., *Labor Union Law and Regulation* 114 (2003) ("Unlike Sections 101(a)(1) and (2), which proclaim democratic principles intended to ensure membership participation in a broad spectrum of union decisions and activities, Section 101(a)(3) sets forth largely mechanical rules of procedure with which a union must comply when increasing the financial obligations imposed as a condition of membership.").  Under Section 101(a)(3), when an international labor organization seeks to increase dues on its membership, it may: (1) submit the proposed increase to the delegates at a duly held convention; (2) submit the proposed increase to its membership through a secret ballot referendum; or (3) submit the proposed increase to its executive board, as long as the board's decision is only effective until the union's next convention. *See* 29 U.S.C. §§ 411(a)(3)(B)(i)-(iii).

As alleged, the Section 32(f) assessment was adopted at AMF's 2007 convention by a majority of delegates present.  Nowhere do Plaintiffs allege that AMF violated the procedures set forth in Section 101(a)(3)(B)(i).  While Plaintiffs repeatedly allege that the assessment is

1   "discriminatory" and "exploitative," Section 101(a)(3) does not impose substantive requirements

2   on dues increases levied by labor unions.  The section simply sets forth a list of procedural

3   requirements, all of which AMF appears to have met.  Plaintiffs' claim fails.

4        The facts alleged by Plaintiffs, if true, do not constitute a violation of Section 101(a)(3) of

5   the LMRDA.  The Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' second

6   claim for relief.

7

8   **3.    PLAINTIFFS' THIRD CLAIM FOR BREACH OF DUTY OF FAIR**

9   **       REPRESENTATION**

10

11       Plaintiffs' third claim alleges that AFM violated its duty of fair representation by taking

12  advantage of Plaintiffs' "lack of voting power" to adopt "a discriminatory provision that imposes

13  a heavy annual assessment on a minority voting group within the membership, and only on that

14  minority group."  (Compl. ¶¶ 74, 75.)  Plaintiffs also allege that AFM has acted "in bad faith and

15  with hostility to Plaintiffs" since adopting Section 32(f), by "coercively threatening to reopen

16  and renegotiate collective bargaining agreements that provide Fund distributions, for the purpose

17  of terminating all such distributions if those obligated to pay the New Section 32(f) assessment

18  should refuse to pay it."  (Compl. ¶ 76.)  But the duty of fair representation regulates only a

19  union's activities in dealing with employers on behalf of union members, and not its internal

20  affairs.  *See Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1062 (5th Cir. 1980) (holding

21  that "[b]ecause the DFR is imposed on the union as a result of its position as exclusive

22  bargaining representative, it applies only to union conduct arising from the union's position as

23  representative").  While Plaintiffs point out that AFM's adoption of Section 32(f) affects its

24  rights under the Sound Recording Labor Agreement, Plaintiffs are not challenging AFM's

25  conduct in negotiating or executing that agreement on their behalf.  Plaintiffs' claim for breach

26  of the duty of fair representation fails.

27       The facts alleged by Plaintiffs, if true, do not constitute a violation of AFM's duty of fair

28  representation.  The Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' third

claim for relief.

**4.    PLAINTIFFS' FOURTH CLAIM FOR ESTOPPEL**

Plaintiffs' fourth claim alleges that AFM "is estopped from unilaterally abrogating the terms of collective bargaining agreements that it negotiated and that it is duty-bound to enforce." (Compl. ¶ 79.)

To establish promissory estoppel, a litigant must prove: "(1) the existence of a promise, (2) which the promisor reasonably should have expected to induce the promisee's reliance, (3) that the promisee actually induce[d] such reliance, (4) that such reliance is reasonable, and (5) that injustice can only be avoided by the enforcement of the promise." *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 445 (9th Cir. 1992). To establish equitable estoppel, Plaintiffs must prove: "(1) the Union was aware of the true facts; (2) the Union intended its representation to be acted on or acted such that the plaintiffs had a right to believe it so intended; (3) the plaintiffs were ignorant of the true facts; and (4) the plaintiffs relied on the Union's representations to their detriment." *Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). Here, Plaintiffs do not allege that AMF made any clear promise or representation that Fund distributions would never be subject to work dues. Instead, Plaintiffs allege only that the AFM bylaws historically levied work dues only on scale earnings, and that the Sound Recording Labor Agreement treated Fund distributions as separate from scale earnings subject to work dues. Neither of these past practices constitutes a clear representation by AMF that its practices would never change.

Plaintiffs have not stated a claim for estoppel. The Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' fourth claim for relief.

**DISPOSITION**

The Motion to Dismiss is GRANTED with leave to amend. If Plaintiffs wish to file a First Amended Complaint, they may do so by August 17, 2009. The First Amended Complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

IT IS SO ORDERED.

DATED: July 27, 2009

_____
                    Andrew J. Guilford
                    United States District Judge