UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-0359 AG (SSx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | RISHIK, et al. v. AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Proceedings:      [TENTATIVE] ORDER GRANTING AMF'S MOTION TO DISMISS

This putative class action challenges an international labor union's amendment of its bylaws to increase dues on a minority of its members. Defendant American Federation of Musicians of the United States and Canada AFL-CIO ("AFM") brought a Motion to Dismiss ("Motion") the Second Amended Complaint ("SAC") of Plaintiffs Rafael Rishik, Keith Green, and Stephen J. Erbody (collectively "Plaintiffs"). After considering all papers and arguments submitted, the Motion is GRANTED.

# BACKGROUND

The following facts are taken from the SAC, and as it must for this Motion, the Court assumes them to be true.

AFM is an international union and labor organization for musicians, consisting of local unions chartered according to its bylaws. (SAC ¶ 5.) Plaintiffs are freelance musicians and members in good standing of AFM and Professional Musicians Local 47, American

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0359 AG (SSx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | RISHIK, et al. v. AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA | | |

Federation of Musicians. (SAC ¶ 4.)

Plaintiffs performed work under the Sound Recording Labor Agreement (the "SLR Agreement"), a collective bargaining agreement between AFM and recording companies employing AFM members. (SAC ¶ 16.) That agreement provides for a Sound Recording Special Payments Fund (the "Fund"). Each year, signatory companies pay into the Fund a percentage of their sales revenues for distribution to musicians covered by the Agreement. (SAC ¶ 17.) The Fund then determines the share of the overall revenue to which each AFM musician is entitled, "which is a weighted percentage taking into account the amount of scale wages earned by each AFM musician for the last five years as related to the scale wages earned by all AFM musicians." (SAC ¶ 17.)

At the 2007 AFM Convention, delegates to the Convention adopted new subsection (f) to Article 9, Section 32 to the bylaws. Section 32(f), which became effective on September 15, 2007, provides:

> Federation Work Dues on payments to musicians from supplemental market funds that are established by AFM-negotiated collective bargaining agreements covering electronic media work (e.g., distributions from the Sound Recordings Special Payment Fund, the Film Musicians Secondary Markets Fund and the Canadian equivalents) shall be 2% of the gross distribution to which the musician is entitled. This Section 32(f) does not apply to annual distributions from any such fund of less than $2,500.

(SAC ¶ 30.) Dues payable under Section 32(f) as "federation work dues" are payable directly to the AFM, in their entirety, with no portion payable to the member's local union, so the "members bearing the brunt of the burden imposed by the new dues receive no benefit for bearing this burden, nor do their local unions." (SAC ¶ 36, 88.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-0359 AG (SSx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | RISHIK, et al. v. AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA | | |

Less than 2% of the active and life members are affected by Section 32(f). (SAC ¶ 39, 46.) The members subject to the assessment created by Section 32(f) are concentrated in three Local Unions: Local Union Nos. 47 (Los Angeles), 802 (New York City), and 257 (Nashville). (SAC ¶ 40.) Before Section 32(f) was implemented, these three local unions represented about 22.5% of the union membership, but carried 92% of all local union dues and fees. (SAC ¶ 45.)

At the 2007 Convention, Section 32(f) was ratified by 50,552 in favor and 37,401 opposed, for a total vote of 87,953. (SAC ¶ 74.) Section 32(f) was voted down by a margin of 17:1 in the five local unions where assessed members were concentrated. (SAC ¶¶ 77-79.)

In October 2008, Plaintiffs received a notification and billing statement from AFM, stating that each was required to pay Section 32(f) "Work Dues" to AFM based upon his distribution from the Fund for 2008, with payment due by November 15, 2008. (SAC ¶ 94.) On November 10, 2008, AFM informed Plaintiffs in writing that a failure to pay the "Work Dues" under Section 32(f) would result in "a fine of up to $100, suspension, and/or expulsion from the AFM." (SAC ¶ 98.)

Based on these facts and others, Plaintiffs filed a Complaint against AFM. AFM filed a motions to dismiss, which the Court granted with leave to amend. Plaintiffs then filed a First Amended Complaint, and AFM again moved to dismiss. The Court again granted AFM's motion to dismiss with leave to amend. Plaintiffs have now filed their SAC, and Defendants now move once again to dismiss.

In their SAC, Plaintiffs assert nine claims against AFM, numbered as follows: (1) violation of the Union Members' Bill of Rights, Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") § 101(a)(3)(A), direct membership voting rights; (2) violation of LMRDA § 101(a)(3), substantive fairness; (3) violation of LMRDA § 301, breach of the duty of fair representation, voting procedure; (4) violation of LMRDA § 301, breach of the duty of fair representation, bad faith enforcement; (5) violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-0359 AG (SSx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | RISHIK, et al. v. AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA | | |

LMRDA § 101(a)(3), informed voting; (6) violation of LMRDA § 301, breach of the duty of fair representation, violation of SRL Agreement; (7) violation of LMRDA § 301, breach of the duty of fair representation, arbitrary and bad faith discrimination; (8) breach of contract; and (9) injunctive relief. AFM moves to dismiss all claims.

## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0359 AG (SSx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | RISHIK, et al. v. AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA | | |

## ANALYSIS

All but one of the arguments presented in Plaintiffs' Opposition have been addressed by this Court in prior orders dismissing Plaintiffs' complaints with leave to amend. (*See* Order Granting Motion to Dismiss, Docket Entry 34 ("July Order"); Order Granting Motion to Dismiss, Docket Entry 51 ("November Order").) Plaintiffs identify no new facts or intervening change in the law to warrant reconsideration of these issues. Accordingly, the Court only addresses Plaintiffs' new argument regarding "federal and state decisional authority in other areas." (Opp'n 6:1-7:27.)

Plaintiffs new argument is that "[w]hen the majority of the members of [AFM] decided to set the dues which would be payable by Plaintiffs, but not by the majority, they became subject to a duty not to unfairly use their majority status to enrich themselves at the expense of the minority." (Opp'n 7:6-10.) This argument tracks issues raised by the Court in oral argument, but still fails based on what has been presented to this District Court.

Plaintiffs cite *Jones v. Ahmanson & Co.*, 1 Cal. 3d 93 (1969) to support their theory of imposing duties on the majority voters. In *Ahmanson*, the court held that the majority shareholders of a corporation have a fiduciary duty to the minority shareholders. *Id.* at 108. There, the court reasoned that when shareholders combine and become "a majority in order to control the corporation as they see fit, they become for all practical purposes the corporation itself, and assume the trust relation occupied by the corporation." *Id.* at 110-11. But Plaintiffs cite no authority suggesting that union members take on implied fiduciary duties when they combine to vote on dues.

Further, the *Ahmanson* court involved California state law claims. The claims at issue here are federal statutes regulating international labor organizations. Again, Plaintiffs cite no authority for using state law regulating the relationship between corporate shareholders to interpret federal law regulating the relationship between a union and its members. *Cf. Teamsters Union Local 315 v. Great Western Chem. Co.*, 781 F.2d 764,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-0359 AG (SSx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | RISHIK, et al. v. AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA | | |

767-68 (9th Cir. 1986) (California law does not apply when interpreting statute of limitations in federal labor case).

Because Plaintiffs do not present any labor union cases or statutes to support their argument, the Court declines Plaintiffs' invitation to extend *Ahmanson* fiduciary duties to union members voting on dues increases. Thus, Plaintiffs' claims against AFM fail.

Plaintiffs have now had three attempts to plead viable claims. The Court satisfied that the deficiencies of the complaint cannot be cured by amendment. *Jackson*, 353 F.3d at 758. Accordingly, the Motions are GRANTED without leave to amend.

**DISPOSITION**

The Motion to Dismiss is GRANTED without leave to amend. Defendant may submit a brief, concise proposed judgment to the Court within 14 days of this Order.

                                             :   0

                    Initials of
                    Preparer         lmb